UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shiv P. Singh,                                    Civ. No.: 08-423 (PJS/JJK)

      Plaintiff,

v.

Indrani Hannuman, Balgobin Singh,     **REPORT AND RECOMMENDATION**
and Latchman Hannuman,

      Defendants.

---

Shiv P. Singh, 3201 4th Ave. S., Minneapolis, MN  55408, *pro se*.

Indrani Hannuman and Latchman Hannuman, 3211 4th Ave. S., Minneapolis, MN 55408, *pro se*.

Balgobin Singh, *pro se*.

---

## INTRODUCTION

This matter is before this Court for a report and recommendation to the District Court regarding whether this case should be dismissed *sua sponte* for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons stated below, this Court recommends that this case be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Shiv P. Singh filed his *pro se* Complaint on February 19, 2008, against Defendants Indrani Hannuman, Balgobin Singh, and Latchman Hannuman (collectively "Defendants").  Indrani Hannuman is Plaintiff's sister,

Balgobin Singh is Plaintiff's father, and Latchman Hannuman is Plaintiff's brother-in-law.  Defendants and Plaintiff are also neighbors.  Defendants are proceeding *pro se* as well.  A review of the record in this case, as well as other cases filed in this Court and the state courts of Minnesota, shows that there is a long-standing, bitter, and very litigious family feud between these parties.

In Plaintiff's Complaint, he alleges violations of 42 U.S.C. §§ 1985 and 1988.  Specifically, Plaintiff alleges that on or about September 2, 2002, the Defendants filed false reports with the Minneapolis Police Department asserting that Plaintiff and his brother Walter Singh went onto Defendants' yard and threatened to shoot Defendant Indrani Hannuman with a gun.  As a result of the reports, Plaintiff was arrested and a restraining order was issued against him.  Plaintiff was released on the same day and the restraining order was thereafter dismissed.

Plaintiff also alleges that Defendants generally conspired with police officers to have Plaintiff falsely arrested and imprisoned in retaliation for filing civil suits against the Defendants and in an effort to deter Plaintiff from testifying.  Specifically, Plaintiff asserts that on September 18, 2002, the Minneapolis Police and Defendant Indrani Hannuman acted in collusion to file additional charges against Plaintiff.  As a result of the additional charges, Plaintiff was arrested and charged with terroristic threats, and another order for protection was issued for Defendant Indrani Hannuman.  On September 20, 2002, the county judge set bail

for Plaintiff's release at $25,000.00.   Plaintiff posted bail and was released with stipulations.  Thereafter, the charges against Plaintiff were dismissed.

In addition, Plaintiff alleges that he suffered psychological injuries, as well as loss of wages, damage to his employment record, medical expenses, and costs associated with this litigation.

On July 9, 2008, this Court issued an Order to Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff filed a response to this Court's Order on July 24, 2008.  In that response, Plaintiff recites many of the same facts alleged in his Complaint and relies on § 1985(2) and (3) in his response to show cause to the Court as to why his case should not be dismissed *sua sponte*.

## DISCUSSION

### I.   Subject Matter Jurisdiction

As a Federal Court, we have limited jurisdiction and may only hear matters that fall within our jurisdictional domain.  *Marine Equip. Mgmt. Co. v. U.S.*, 4 F.3d 643, 646 (8th Cir. 1993) ("Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.")  As a consequence, we have a duty, in every case before us, to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied.  *Bradley v. Am. Postal Workers Union, AFL-CIO*, 962 F.2d 800, 802 n.3 (8th Cir. 1992); *Thomas v. Basham*, 931 F.2d

521, 523 (8th Cir. 1991); *Hoeffner v. Univ. of Minn.*, 948 F. Supp. 1380, 1383 (D. Minn. 1996).

Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (Emphasis added.) "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action *sua sponte*." *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971), *cert. denied*, 405 U.S. 926 (1972) (citing *Louisville and Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

In Plaintiff's Complaint, he alleges violations of 42 U.S.C. §§ 1985 and 1988. In order to prevail on a § 1988 claim, Plaintiff must prove the substantive elements of § 1983. *See, e.g., Armstrong v. Fairmont Cmty. Hosp. Ass'n, Inc.*, 684 F. Supp. 1486, 1488 (D. Minn. 1987). And "[i]n order to recover under section 1983, a plaintiff must prove that the defendant deprived him of a constitutional right *under color of state law*." *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989) (emphasis added). In the present action, Plaintiff is suing private citizens. Therefore, in order to recover for violations of §1988, Plaintiff would have to show that the Defendants were "willful participant[s] in joint activity with the State or its agents" in depriving the Plaintiff of his constitutional rights. *Id.* at 558-59 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152

4

(1970)).  The mere "furnishing of information to police officers" or "elicitation of police assistance" does not rise to the level of "joint activity" for the purposes of holding a private citizen liable under § 1983.  *Occhino v. Lannon*, 150 F.R.D. 613, 623 (D. Minn. 1993) (citing several cases).  In calling the police, the Defendants were acting as private citizens and not under color of state law.

This same "under color of state law" requirement also applies to Plaintiff's claims under § 1985.  *See, e.g., Curtis v. Peerless Ins. Co.*, 299 F. Supp. 429, 431 (D. Minn. 1969) (stating that action under color of state law is required under § 1985).  In addition, to prevail on a claim under § 1985(2), a plaintiff must show that two or more defendants conspired together to injure him for participating in a federal lawsuit.  *Biby v. Bd. of Regents of Univ. of Neb.*, 338 F. Supp. 2d 1063, 1075-76 (D. Neb. 2004) (citing *Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988)).  Here, Plaintiff's allegations simply describe a series of disputes amongst close family members and neighbors.  These internal family disputes do not form the basis for a conspiracy claim under 42 U.S.C. § 1985(2), nor do they give rise to violations of the United States Constitution or any other federal law.

This Court concludes that the Plaintiff's allegations fail to give rise to a claim under 42 U.S.C. §§ 1985 or 1988.  Accordingly, this Court recommends the action be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

**II.     Multiple Suits**

In October 2004, Plaintiff filed an action in this Court against the same Defendants in the present case.  (*See* Civil No. 04-4512 (JRT/FLN).  There, plaintiffs brought the action pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988 alleging violations of their civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.  Plaintiffs based their claims in part on the same September 2, 2002, and September 18, 2002, incidents that are asserted in the present Complaint.[1]  Similarly, plaintiffs alleged that defendants filed false reports with the Minneapolis Police Department and generally conspired with police officers to have plaintiff Shiv Singh falsely arrested and imprisoned in retaliation for filing civil suits against the defendants and in an effort to deter plaintiff Shiv Singh from testifying.  On November 23, 2004, Judge Tunheim dismissed plaintiffs' case *sua sponte* for lack of subject matter jurisdiction.  (Civil No. 04-4512 (JRT/FLN), Doc. No. 10.)

Then, in June 2005, Plaintiff filed another action in this Court against these same Defendants, among others.  (*See* Civil No. 05-1160 (JRT/FLN).  The June

---

[1]     Plaintiff also sued the City of Minneapolis and Minneapolis Police Officers in their individual capacity, alleging that the defendants violated 42 U.S.C. §§ 1981, 1983, 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments. (*See* Civil No. 04-1595.)  Plaintiffs' claims in that case were based on a similar series of alleged disputes that occurred between plaintiffs and defendants, and the Minneapolis Police Department's reaction to and involvement with those disputes.  On February 17, 2006, Judge Tunheim granted defendants' Motion for Summary Judgment.  (Civil No. 04-1595, Doc. No. 81.)

2005 action was brought pursuant to 42 U.S.C. §§ 1981, 1985, 1986, and 1988, and alleged incidents of assault and battery.  Plaintiffs again alleged that defendants generally conspired with police officers.  Specifically, plaintiffs alleged that in 2001, the police removed plaintiff Shiv Singh from "his own property," and gave his keys to his sister, defendant Indrani Hannuman.  In addition, plaintiffs based their claims on various physical altercations that occurred between May 2005 and October 2005.  For example, Plaintiff alleges that in May 2005, defendant Latchman Hannuman grabbed one of the plaintiffs at a deposition, and in September 2005, one of the defendants caused injuries to horses that one of the plaintiffs was tending to, and defendant Indrani Hannuman thereafter kicked one of the plaintiffs in the leg.  On March 17, 2006, Judge Tunheim adopted the Magistrate Judge's Report and Recommendation and dismissed Plaintiff's case *sua sponte* explaining that the family disputes alleged did "not form a basis for a conspiracy claim," nor "give rise to violations of the United States Constitution or any other federal law."  (Civil No. 05-1160 (JRT/FLN), Doc. No. 24.)

      Then, on February 19, 2008, Plaintiff filed the present action against Defendants.  Because Plaintiff has filed several similar causes of action based on similar incidents with the Defendants—some alleging the same facts as presented here—resulting in similar dismissals, this Court recommends that the District Court order Plaintiff to seek permission from the Court before filing any additional suit(s) against Defendants in this Court.

## RECOMMENDATION

For the reasons stated, this Court recommends that:

1. The Complaint (Doc. No. 1) be **DISMISSED WITH PREJUDICE**; and

2. The Court order Plaintiff to seek permission from the Court before filing any additional suit(s) against Defendants in this Court.


Date: August 20, 2008

                                                s/Jeffrey J. Keyes
                                                JEFFREY J. KEYES
                                                United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 3, 2008.